IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DEERE CREDIT, INC., <br><br>    Plaintiff, <br><br> vs. <br><br> SCOTT C. HESS and ANNE WAYMACK HESS, <br><br>    Defendants. | CASE NO.: 04-1175 |

## CITATION TO DISCOVER ASSETS TO THIRD PARTY

To:  Wilma Hess
     24147 N. Seven Hills Road
     Marietta, IL  61459

YOU ARE COMMANDED to appear before Honorable John A. Gorman at the Federal Building, 100 N. E. Monroe, Peoria, Illinois, at 2:15 P.M. on December 13 , 2004.

Judgment against Scott Hess and Anne Waymack Hess was entered on July 30, 2004, and $787,664.94 remains unsatisfied.

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired by or become due to the judgment debtor until further order of court or termination of the proceedings.  You are not required to withhold the payment of any money beyond double the amount of the balance due.

NOTICE:  The Court has issued a Citation against the person named above.  The Citation directs that person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest.  The Citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above.  On or after the court date stated above, the Court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTION AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE.

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor equity interest, not to exceed $2,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; veteran's benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $1,200 in value in any one motor vehicle, and the debtor's equity interest, not to exceed $750.00 in value, in any implements, professional books, or tools of the trade of the debtor.

(2) Under Illinois law, every person is entitled to an estate in homestead, when owned and occupied as a residence to the extent in value of $7,500, which homestead is exempt from judgment.

(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of the gross weekly wages of (ii) the amount by which disposable earnings for a week exceed the total of 45 times the minimum hourly wage.

(4) Under federal law, the amount of wages that may applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5) Pension and retirement benefits may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH.

YOU ARE COMMANDED to produce the following concerning the property or income of the Judgment Debtor at the examination:

(SEE ATTACHED EXHIBIT "A" - DEMAND FOR DOCUMENTS.)

YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.

### CERTIFICATE OF ATTORNEY OR JUDGMENT CREDITOR

Judgment Amount            $782,348.40
Balance Due                $787,664.94 (through November 24, 2004)

Date of Judgment/Revival   July 30, 2004

The undersigned certifies, under penalties provided by law pursuant to 735 ILCS 5/1-109, that the information contained herein is true and correct.

Attorney/Judgment Creditor:        _Mary A. Corrigan_

WITNESS, _____11/29_____, 2004

_____gmw_____
Clerk of United States District Court

_____HAK_____
Deputy

DATE OF SERVICE _____        (Seal of Court)

Mary A. Corrigan
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton Street, Suite 425
Peoria, Illinois 61602
(309)676-8986

## EXHIBIT "A"
## DEMAND FOR DOCUMENTS

YOU ARE COMMANDED to produce at examination all books and records of property in your possession or control in which Scott C. Hess or Anne Waymack Hess have an interest including, but not limited to:

1. Your Drivers License or State issued Identification Card

2. All checking and savings accounts, money market accounts or brokerage accounts including but not limited to personal and business accounts;

3. All deeds to any and all real estate;

4. A list of all beneficial interests in trusts in which Scott C. Hess or Anne Waymack Hess hold any interest, vested or future, all certified copies of such trust agreements, and assignments of any such interests;

5. All safety deposit boxes to which you or Scott C. Hess or Anne Waymack Hess are a signatory and keys thereto;

6. A complete list of all accounts or other monies due Scott C. Hess or Anne Waymack Hess by you;

7. Titles to all motor vehicles, held individually or jointly and copies of all contracts to purchase motor vehicles for vehicles purchased by you or Scott C. Hess within the last two years;

8. All stock and bond certificates in which you or Scott C. Hess or Anne Waymack Hess hold any interest;

9. A copy of your 2002 and 2003 Federal Income Tax returns, whether filed jointly or individually;

11. A list of all equipment, machinery, tools, or other assets of Scott C. Hess or Anne Waymack Hess in your possession or control.

Failure to produce these items could result in your being found in contempt of Court.

4