IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DEERE CREDIT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SCOTT C. HESS and ANNE WAYMACK HESS, <br><br> Defendants. | CASE NO.: 04-1175 |

**CITATION NOTICE**

United States District Court
Central District of Illinois
Federal Courthouse
100 N. E. Monroe
Peoria, Illinois  61602

Name of Case:                         Deere Credit, Inc. v. Scott Hess and Anne Waymack Hess

Judgment Creditor:                    Deere Credit, Inc.

Judgment Debtors:                     Scott C. Hess and Anne Waymack Hess
Address of Judgment Debtors:          Scott C. Hess –
                                      1505 W. Jackson St., #10, Macomb, IL 61455
                                      Anne Waymack Hess –
                                      23360 N. 1700th Road
                                      Bushnell, IL  61422

Name and Address of Attorney
for Judgment Creditor:                MARY A. CORRIGAN
                                      VONACHEN, LAWLESS, TRAGER & SLEVIN
                                      456 Fulton Street, Suite 425
                                      Peoria, IL  61602

Amount of Judgment:                   $ 782,348.40

Name of Person receiving Citation:    CHARLES HESS

1

Court Date and Time: December 13, 2004 at 2:00 P.M.

**NOTICE:** The Court has issued a citation against the person named above. The citation directs the person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above. On or after the court date stated above, the court may compel the application of any discovered income or assets toward payment of the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSET STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $2,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; workers' compensation benefits; veterans' benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $1,200 in value, in any one motor vehicle; and debtor's equity interest, not to exceed $750 in value, in any implements, professional books, or tools of the trade of the debtor.

(2) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $7500.00, which homestead is exempt from judgment

(3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(4) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5) Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at 100 N. E.

2

Monroe, Peoria, Illinois 61602 before the return date specified above or appear in the court on that return date. To obtain a hearing in counties with a population of less than one million, the judgment debtor must notify the Clerk of the Court in writing at 100 N. E. Monroe, Peoria, Illinois 61602 on or before the return date specified above. The Clerk of the Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the garnishee regarding the time and location of the hearing. This notice may be sent by regular first class mail.

## CERTIFICATE OF MAILING

I hereby certify that, within two business days of service on Charles Hess, I served on the judgment debtors in this cause a copy of the Citation by first class mail to the judgment debtors' addresses as indicated in the Citation Notice.

_Mary A. Corrigan_

Mary A. Corrigan
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton Street, Suite 425
Peoria, IL 61602
Telephone: (309) 676-8986

3