E-FILED
Monday, 31 January, 2005 02:48:25 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DEERE CREDIT, INC., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) Case No. 04-1175 |
| | ) |
| SCOTT C. HESS and ANNE WAYMACK HESS, | ) |
| | ) |
| Defendants | ) |

## AGREED ORDER

This matter coming before the Court on the Citations to Discover Assets filed herein by the Plaintiff, DEERE CREDIT, INC., against Defendants, SCOTT C. HESS and ANNE WAYMACK HESS, Defendant ANNE WAYMACK HESS not appearing but having filed a Voluntary Petition under Chapter 12 of the Bankruptcy Code on December 22, 2004, and the proceedings being automatically stayed as to her; Defendant SCOTT C. HESS appearing in person and with his attorney, Joseph C. O'Donnell and the Plaintiff appearing through Mary A. Corrigan, one of its attorneys. Defendant SCOTT C. HESS and Plaintiff having reached agreement, and the Court being fully advised, the Court finds as follows:

1.  Defendants were properly served with Citations to Discover Assets on December 5, 2004. Hearings on the Citations were initially set for December 13, 2004 and were continued by agreement of the parties to December 22, 2004. Hearing on the Citation against Defendant SCOTT C. HESS was re-set for December 28, 2004.

2.  Plaintiff and Defendant SCOTT C. HESS have reached agreement with

respect to Defendant's payment of all amounts due and owing to Plaintiff as a result of the judgment previously entered in favor of Plaintiff and against Defendants on July 30, 2004.

IT IS THEREFORE ORDERED:

A.   Defendant SCOTT C. HESS shall execute Quit Claim Deeds and State of Illinois Transfer Declarations conveying title in real estate, which is currently titled in the name of Scott C. Hess and located in McDonough and Fulton Counties, Illinois. Said real estate is legally described on Exhibit "A" attached hereto. Said deeds and transfer declarations shall be held in escrow by Terrill Abstract and Title Co., Inc. pending payment in full by Defendant, SCOTT C. HESS.

B.   Plaintiff and Defendant, SCOTT C. HESS shall enter into the Escrow Agreement attached hereto as Exhibit "B". Defendants shall deliver the executed deeds and transfer declarations upon execution of the Escrow Agreement.

C.   Defendant SCOTT C. HESS and Plaintiff shall establish a joint account into which the net proceeds of the sale of grain for those contracts administered by Decision Commodities set forth on Exhibit "C" attached hereto and contracts between Defendant and Cargill, Inc. set forth on Exhibit "D" shall be deposited. Monies in said account shall be applied to the judgment previously obtained by Plaintiff either upon the parties jointly executing a withdrawal of funds to be paid to Plaintiff or pursuant to court order by this Court or by the bankruptcy court in the proceedings filed by Defendant ANNE WAYMACK HESS. Defendant agrees to cooperate with Plaintiffs to ensure timely delivery of the harvested crops/ grain to the various purchasers of the crops. Defendant will provide Plaintiff with a complete listing of all operating expenses incurred

by Defendant in connection with the fulfillment of Defendant's obligations under the contracts and will keep Plaintiff advised as to the status of each of the contracts. Defendant shall deliver copies of all grain contracts pursuant to which he is entitled to receive payment to counsel for Plaintiff by January 14, 2005.

D. Defendant SCOTT C. HESS shall be responsible for all costs and reasonable attorney fees incurred by Plaintiff in connection with collection of the judgment previously entered in favor of Plaintiff. Plaintiff shall present a bill of costs to Defendant enumerating the accrued interest, costs and attorney fees incurred by Plaintiff. Said attorney fees and costs shall be approved either by agreement of the parties or by court order.

E. Upon payment in full of all amounts due under the judgment by Defendant, SCOTT C. HESS Plaintiff shall instruct Terrill Abstract and Title Co., Inc., as Escrow Agent, to release the executed deeds and transfer declarations to Defendant. Plaintiff will further deliver Releases of the Memorandums of Judgment previously filed by Plaintiff in McDonough County and Fulton County, Illinois.

F. Defendant, SCOTT C. HESS shall make payment in full of all amounts due Plaintiff under the judgment no later than February 28, 2005. In the event of Defendant's default under this Agreed Order, Plaintiff may instruct Terrill Title and Abstract Co., Inc. to deliver the deeds and transfer declarations to Plaintiff to enable title to the real estate to be transferred to Plaintiff. Plaintiff may then sell said real estate and apply the net proceeds of the sale to the judgment.

G. So long as Defendant, SCOTT C. HESS is in compliance with his

obligations under this Agreed Order, Plaintiff agrees to refrain from further collection efforts with respect to the judgment. However, in the event Defendant files for bankruptcy, Plaintiff may pursue such relief as it deems appropriate in bankruptcy court.

Enter: __1-31-05__

_s/ John Gorman_
JUDGE

APPROVED:

_Mary A. Corrigan_
Plaintiff, Deere Credit, Inc.
By: Mary A. Corrigan, one of its attorneys

_Scott C. Hess_
Defendant Scott C. Hess

_Joseph C. O'Donnell_
Joseph C. O'Donnell
Attorney for Defendant, Scott C. Hess



## Legal Description

A part of the Northwest Quarter of Section 34 and part of the Northeast Quarter of Section 33, Township 7 North, Range 1 East of the Fourth Principal Meridian, Fulton County, Illinois

Commencing at the Northeast corner of the Northwest Quarter of Section 34, thence South 89 degrees 15 minutes 58 seconds West, along the North line of Section 34, a distance of 1980.00 feet to the point of beginning.

From the point of beginning thence South 00 degrees 55 minutes 00 seconds East, a distance of 1483.14 feet to a point, thence South 89 degrees 19 minutes 58 seconds West, a distance of 709.57 feet to a point, thence South 01 degrees 12 minutes 53 seconds East, a distance of 1199.29 feet to a point, thence South 89 degrees 06 minutes 53 seconds West, a distance of 1144.41 feet to a point, thence North 01 degrees 00 minutes 03 seconds West, a distance of 2683.94 feet to a point on the North line of Section 33, thence North 89 degrees 14 minutes 05 seconds East, a distance of 1142.51 feet to a point, thence North 89 degrees 15 minutes 58 seconds East, a distance of 709.17 feet to the point of beginning, containing 94.4559 acres and is subject to road right of ways and easement of record and/or prescription, situated in the County of Fulton, State of Illinois.

P.I.N.'s:  06-05-34-100-001 and 06-05-33-200-002

EXHIBIT B

## ESCROW AGREEMENT

THIS AGREEMENT made and entered into this ___ day of January, 2005 by and between, Deere Credit, Inc., a Delaware Corporation, hereinafter referred to as "Deere" and Scott C. Hess, hereinafter referred to as "Defendant", and Terrill Abstract and Title Co, Inc., an Illinois corporation hereinafter referred to as "Escrow Agent."

1. RECITALS.

WHEREAS, Deere has previously obtained judgment against Defendant in the United States District Court for the Central District of Illinois in Cause No. 04-1175 in the amount of $782,348.40; and

WHEREAS Deere and Defendant has or will enter into a written agreed order which will be entered in said proceedings pursuant to which Defendant will repay all amounts due Deere in connection with said judgment; and

WHEREAS Defendant has agreed to provide security to Deere in the form of Quit Claim Deeds transferring ownership of certain real estate owned by Defendant to be held in escrow pending payment in full by Defendant to satisfy the judgment referenced above; and

WHEREAS, the parties agree that Terrill Abstract and Title Co, Inc. will act as Escrow Agent for the convenience of the parties unless and until a dispute arises between the parties concerning any matter related to their Escrow Agreement.

WHEREAS, it is the desire of the Deere and Defendant to place certain documents relating to the aforementioned agreement in possession of the Escrow Agent to be held in accordance with the terms and conditions hereinafter detailed.

II. AGREEMENTS.

NOW THEREFORE, it is hereby agreed between the parties hereto as follows:

1. Deere and Defendant hereby jointly deposit with the Escrow Agent the following documents (hereinafter collectively referred to as the "documents"):

   (a) Quit Claim Deed executed by Scott C. Hess for the real estate legally described as follows:

   A part of the Northwest Quarter of Section 34 and part of the Northeast Quarter of Section 33, Township 7 North, Range 1 East of the Fourth Principal Meridian, Fulton County, Illinois

   Commencing at the Northeast corner of the Northwest Quarter of Section 34, thence South 89 degrees 15 minutes 58 seconds West, along the North line of Section 34, a distance of 1980.00 feet to the

point of beginning.

From the point of beginning thence South 00 degrees 55 minutes 00 seconds East, a distance of 1483.14 feet to a point, thence South 89 degrees 19 minutes 58 seconds West, a distance of 709.57 feet to a point, thence South 01 degrees 12 minutes 53 seconds East, a distance of 1199.29 feet to a point, thence South 89 degrees 06 minutes 53 seconds West, a distance of 1144.41 feet to a point, thence North 01 degrees 00 minutes 03 seconds West, a distance of 2683.94 feet to a point on the North line of Section 33, thence North 89 degrees 14 minutes 05 seconds East, a distance of 1142.51 feet to a point, thence North 89 degrees 15 minutes 58 seconds East, a distance of 709.17 feet to the point of beginning, containing 94.4559 acres and is subject to road right of ways and easement of record and/or prescription, situated in the County of Fulton, State of Illinois.

P.I.N.'s: 06-05-34-100-001 and 06-05-33-200-002

(b)  Quit Claim Deed executed by Scott C. Hess for the real estate legally described as follows:

East Half of the West Half of the Southeast Quarter of Section 3, Township 6 North, Range 1 West of the Fourth Principal Meridian, McDonough County, Illinois.

ALSO,

All of the East Half of the Northeast Quarter of Section 11, except the South 25 acres thereof, in Township 6 North, Range 1 West of the Fourth Principal Meridian, in the County of McDonough, in the State of Illinois.

Excepted from the warranties are the reservation of certain mineral rights and certain terms and conditions of a contract, which are referred to in a deed recorded in the Recorder's Office of McDonough County, Illinois as Document Number 79-941.

P.I.N.'s: 13-000-023-00 and 13-000-075-00

(c)  Executed Illinois Department of Revenue Transfer Declaration for the property referenced in subparagraph (a) above.

(d)  Executed Illinois Department of Revenue Transfer Declaration for the property referenced in subparagraph (b) above.

(e)     Quit Claim Deed executed by Anne Waymack Hess for the real estate legally described in subparagraph (a) above.

(f)     Quit Claim Deed executed by Anne Waymack Hess for the real estate legally described in subparagraph (b) above.

(g)     Executed Escrow Agreement.

2. In the event either Deere or the Defendant shall deliver a request to the Escrow Agent for delivery of the Documents, ("request"), the Escrow Agent shall within 7 days send written notice of the request, (hereinafter "Notice of Request"), to the opposite party together with a copy of the Request. Any Request from the Defendant for production of the Documents shall contain a written statement that the Defendant has fully satisfied the judgment obtained by Deere.

Any Request from Deere for production of the Documents shall contain a written statement that the Defendant are in default of their obligations under the Agreed Order to be entered in Cause Number 04-1175 pending in the United States District Court for the Central District of Illinois and that Deere is entitled to delivery of Documents.

3. If, during the 14 day period following the mailing of the Notice of Request, the Escrow Agent should receive written instructions from either Deere, the Defendant, or any Court, with jurisdiction, to refrain from delivery of the Documents, (said written instructions hereinafter referred to as an "Objection"), the Escrow Agent shall retain the Documents until receipt of either (a) the signed joint order of Deere and Defendant instructing the Escrow Agent to deliver the Documents, or (b) the order, judgment, or decree entered or issued by any Court, with jurisdiction, directing delivery of the Documents.

4. If the Escrow Agent receives no Objection to the delivery of the Documents within 14 days of the mailing of the Notice of Request as detailed in 3 above, the Escrow Agent shall deliver the Documents as requested.

5. Neither the initial Escrow Agent nor any successor Escrow Agent shall in any event be liable or responsible to either Deere or Defendant, their legal representatives, heirs, or assigns, for any damages, costs or expenses incurred or sustained by either Deere or Defendant by reason of any act or failure to act of the Escrow Agent, except in the case of fraud, gross negligence, or willful disregard of the provisions hereof. Additionally, Deere and Defendant hereby jointly agree to indemnify the Escrow Agent against any loss or expense it may incur arising from any act or failure to act in accordance with the terms of this Agreement, provided, however, that said act or failure to act did not constitute fraud, gross negligence, or the willful disregard of the provisions hereof. This indemnification shall extend, without limitation, to attorney fees and court costs incurred in the defense of representation of the Escrow Agent in regard to any action or threatened actions.

6. Any notice detailed herein which is to be sent by the Escrow Agent shall be deemed served on the date same is deposited in the United States Mail. All requests or objections

shall be deemed served as of the date of delivery to the Escrow Agent. All notices, requests, or objections shall be mailed either by certified or registered mail, return receipt requested, and addressed to the appropriate party at the address hereinafter detailed or such other reasonable address as may be periodically requested in writing.

To Deere:

Ms. Judy Davidson
Deere Credit Services, Inc.
6400 N.W. 86th Street
Johnston, IA 50131-6600

With Copy To:

Mary A. Corrigan
Attorney at Law
Vonachen, Lawless, Trager & Slevin
456 Fulton Ave., Ste. 425
Peoria, Illinois 61602

To Scott C. Hess:

1505 W. Jackson St., # 10
Macomb, IL 61455

With Copy To:

Joseph C. O'Donnell
Attorney at Law
127 S. Lafayette Street
Macomb, IL 61455

To Escrow Agent:
Ms. Patricia M. Coker
Terrill Title and Abstract Co., Inc.
129 S. Randolph Street
P.O. Box 573
Macomb, IL 61455

7. Time shall be of the essence of this Agreement.

8. Any fees and costs of any escrowee shall be borne solely by Defendant.

9. This Agreement shall be binding and inure to the benefit of the successors,

heirs, and assigns of the parties hereto.

    IN WITNESS WHEREOF, the parties hereto have placed their hands on the date first written above.

DEERE CREDIT, INC.:　　　　　　　　　　　　DEFENDANT:

_____　　　　　　_____
By:_____
Its:_____

ACCEPTED:

ESCROW AGENT:　　　　TERRILL TITLE AND ABSTRACT CO., INC.

    By_____

    Its_____

FROM : GO ILLINI  FAX NO. :5159567001  Dec. 14 2004 01:21P

**EXHIBIT C**

### MARKET BASED RISK MANAGEMENT FOR AGRICULTURE

Administration
Accounts
Overview
Simulations
Technical Indicators
My DRC
New DRC
Record Changes
Daily Results
Today's Projections
Find/Modify DRC
Summary Activity
Access Your Tools
Communicate
emenu
Utilities

Logout

**Find / Modify DRCs**

| DRC # | Status | Name / Contract ID | Account | Reference Month | Floor Price | Trigger | RSI | DRC Program | Start Date | End Date | Quantity | Quantity Priced | Avg Price |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 42987 | O | Jan/Feb 2005 Delivery (non-GMO) | Hess, Scott | CH5 | 2.19 | n/a | | Rally | 2004-09-21 02-01 | 2005-52000 | Bushels | 0 | $0 |
| 42948 | C | December 2004 Delivery (2651 Tofu Program) | Hess, Scott | SF5 | 5.00 | n/a | | Rally | 2004-09-21 12-07 | 2004-28300 | Bushels | 28300 | $5.2569 |
| 43025 | O | Jan/Feb 2005 Delivery (Bt) | Hess, Scott | CH5 | 2.15 | n/a | | Rally | 2004-09-27 12-31 | 2004-13000 | Bushels | 1125 | $2.1625 |
| 43026 | S | October 04 Delivery (Last Half) | Hess, Scott | CZ4 | 1.90 | n/a | | Rally | 2004-09-27 10-15 | 2004-17000 | Bushels | 17000 | $2.0494 |
| 43027 | C | Harvest 2004 Delivery/Dec Sale (Roundup) | Hess, Scott | SF5 | 5.45 | n/a | | Rally | 2004-09-27 11-30 | 2004-20000 | Bushels | 20000 | $5.4958 |

https://drc.e-markets.com/

12/14/2004

Page 1 of 2

MCDONNELL LAW OFFICE 3098383413 12/14/04 04:34pm P. 003
FROM : GO ILLINI FAX NO. :5159567881 Dec. 14 2004 01:21PM P2
HESS FARMS PAGE 02/02

DRC Search                                                                 Page 2 of 2

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 43028 | O | Harvest 2005 Delivery | Hess, Scott | CZ5 | 2.50 | n/a | Rally | 2004-2005-50000 09-27 08-01 Bushels 0 $0 |
| 43029 | O | Harvest 2005 Delivery | Hess, Scott | CZ5 | 2.70 | n/a | Rally | 2004-2005-50000 09-27 08-01 Bushels 0 $0 |
| 43030 | O | Harvest 2005 Delivery (Normal Option-$2.70 Pivot) | Hess, Scott | CZ5 | 2.60 | n/a | Accelerator | 2004-2005-50000 09-27 08-01 Bushels 0 $0 |
| 43031 | O | Harvest 2005 Delivery | Hess, Scott | SX5 | 6.00 | n/a | Rally | 2004-2005-15000 09-27 08-01 Bushels 0 $0 |
| 43032 | O | Harvest 2005 Delivery | Hess, Scott | SX5 | 6.50 | n/a | Rally | 2004-2005-15000 09-27 08-01 Bushels 0 $0 |

DRC® Pricing Tool (Patent Pending) Powered by B-Markets™

https://drc.e-markets.com/                                                 12/14/2004

**EXHIBIT D**

Scott,

Sorry it took so long.

```
X57609 Line 1    NBE Contract
                 1,000.00 bu. white corn to be delivered to Dallas City
X57609 Line 2    NPE Contract
                 19000.00 bu. white corn to be delivered to Dallas City
X61688           Pacer Contract - Basis set at -.31 CH5
                 8125.36 bu. yellow corn delivered to Havana
                 Contract has been advanced $11,111.45 on 09/22/04
                 Settlement Doc #502776688
X61638           Pacer Contract - Basis set at -.35 CH5
                 8976.07 bu. yellow corn delivered to Havana
                 Contract has been advanced $12,263.76
                 Settlement Doc #502776689
X60846           20,000.00 bu. yellow corn to be delivered to Havana
                 Pacer accumulation contract
                 Sept/Dec Delivery to Havana
X60378           NPE Contract
                 50,000.00 bu. yellow corn to be delivered to Dallas City
                 April thru June, 2005 delivery
```

The above contracts are for Scott Hess – direct only.

Donna