E-FILED
Friday, 02 September, 2005 03:58:06 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEERE CREDIT, INC., <br><br> Plaintiff, <br><br> v. <br><br> SCOTT C. HESS, et al., <br><br> Defendant. | Case No. 04-1175 |

## RULE 12(b)(2) MOTION TO DISMISS
## CARGILL'S INTERPLEADER PROCEEDING

Movant, CHARLES HESS, by Quinn, Johnston, Henderson & Pretorius, his attorneys, for his Rule 12(b)(2) Motion to Dismiss Interpleader Proceeding, states:

1. On April 12, 2005, at the request of Plaintiff, Deere Credit, Inc. ("Deere"), the Court issued a Citation to Discover Assets to Third Party, Cargill, Incorporated.

2. In conjunction with this Citation proceeding, Cargill, Incorporated ("Cargill") filed a Motion for Interpleader on July 7, 2005.

3. The gist of the Motion for Interpleader was that Cargill held funds possibly due to the judgment debtor, Scott C. Hess, but that other parties had made demand for those funds.

4. Movant Charles Hess was among the parties which Cargill noted as having made demand for the funds in question.

5. On July 27, 2005, after a hearing on the Motion for Interpleader, the Court entered an Order allowing the Motion.

6. Also on July 27, 2005, Cargill filed a Certificate of Service stating that on June 20, 2005, Cargill had served various parties, including Movant Charles Hess, with copies of several documents, including Cargill's Motion for Interpleader and a proposed Order. To the best

knowledge of the undersigned, Charles Hess received no notice of the July 27, 2005 hearing on the Motion for Interpleader.

7. Charles Hess does in fact claim a lien on the funds previously held by Cargill.

8. On July 19, 2005, Charles Hess and his wife, Wilma Hess, filed a complaint to enforce this lien in a case captioned *Charles Hess, Wilma Hess, Plaintiffs, v. Cargill, Inc., West Central F.S., Inc., Deere Credit, Inc., and Scott Hess, Defendants.,* No. 05 LM 93, in the Circuit Court of the Ninth Judicial Circuit, McDonough County, Illinois. This case recently was refiled, with the addition of three defendants, -- Archer Daniels Midland, Inc.; John Jones; and J&B Jones, Inc. - as No. 05 L 12 in the Circuit Court of the Ninth Judicial Circuit, McDonough County, Illinois.

9. The Interpleader proceeding in the instant cause should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2), as the Court lacks personal jurisdiction over Charles Hess.

10. Under Federal Rule of Civil Procedure 22, concerning interpleader, a party such as Cargill, which holds property subject to completing claims, may institute an interpleader. However, the proceeding is to be instituted by joining the claimants as party defendants:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. Fed. R. Civ. P. 22(a)

11. Cargill's Motion for Interpleader most resembles an attempt at a defensive interpleader, which is available to a stakeholder who already has been sued, or in this case, has been made a Citation respondent. A defensive interpleader usually is initiated by filing either a counterclaim or a cross-claim. The stakeholder may add additional parties, if necessary, pursuant to Rule 13, and Rules 19 and 20. *See* 4 Moore's Federal Practice, § 22.02[1], [4] (3d Ed. 2005).

12. Rule 4, which requires personal service, governs service of process for interpleader actions brought pursuant to Rule 22. *General Accident Group v. Gagliardi*, 593 F.Supp. 1080, 1087 (D. Conn. 1984).

13. Charles Hess was not served with process pursuant to Rule 4 for Cargill's attempted interpleader proceeding.

14. For this reason, the Court does not have personal jurisdiction over Charles Hess, and the Cargill's interpleader proceeding should be dismissed with prejudice.

WHEREFORE, Movant, Charles Hess, respectfully prays for entry of an Order:

1) Dismissing Cargill's interpleader proceeding with prejudice;

2) Requiring the Clerk of this Court to return to Cargill the $42,421.12 which Cargill deposited with the Clerk on August 10, 2005;

3) Awarding Charles Hess his costs; and

4) Affording Charles Hess such other and further relief as the Court deems just and appropriate.

CHARLES HESS

By:  s/ Peter R. Jennetten
     Peter R. Jennetten

Laurie M. Judd
Peter R. Jennetten
QUINN, JOHNSTON, HENDERSON & PRETORIUS
227 NE Jefferson
Peoria, IL 61602
Ph: (309) 674-1133

## PROOF OF SERVICE

I hereby certify that on September 2, 2005, I electronically filed this Rule 12(b)(2) Motion to Dismiss Cargill's Interpleader Proceeding with the Clerk of Court using the CM/ECF system, with notice to participating parties being provided electronically. I further certify that on September 2, 2005, I mailed a copy of this document by United States Postal Service to all of the following:

Robert Lindstrom
Mustain, Lindstrom & Henson
1865 North Henderson Street, Suite 11B
Galesburg, IL 61401

Fred Kenney
Archer Daniels Midland Law Dept.
4666 Faries Parkway
Decatur, IL 62526

Douglas J. March
Matthes S. McLaughlin
March, McMillan & DeJoode, P.C.
402 E. Jackson Street
Macomb, IL 61455

Dudley Borah
Attorney at Law
P.O. Box 265
Bushnell, IL 61422

Barry Barash
Barash & Everett, LLC
256 S. Soangetaha Rd.
Galesburg, IL 61402-1408

Alan B. Marsh
White, Marsh, Anderson, Martin,
   Vickers, Deobler & Goode
511 E. Etna Road
Ottawa, IL 61350

Scott Hess
23180 N. 1700 Road
Bushnell, IL 61422

Anne Waymack Hess
23360 N. 1700 Road
Bushnell, IL 61422

Mary A. Corrigan
Vonachen Lawless Trager & Slevin
456 Fulton Street, Suite 425
Peoria, IL 61602

      s/ Peter R. Jennetten

LMJ/kjc
I:\1\Civil\Hess, Charles 101 941 024\MTD.wpd