E-FILED
Thursday, 15 September, 2005 12:47:06 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| DEERE CREDIT, INC. | ) |
| Plaintiff, | ) |
| vs. | ) |
| SCOTT C. HESS and ANN WAYMACK HESS, | ) No. 04-1175 |
| Defendants. | ) |
| vs. | ) |
| CARGILL, INCORPORATED., | ) |
| Garnishee. | ) |

FILED
SEP 1 5 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**RESPONSE OF CARGILL, INCORPORATED TO
MOTION OF CHARLES HESS TO
DISMISS INTERPLEADER PROCEEDING**

Now comes CARGILL, INCOPORATED., by Its Attorneys, White, Marsh, Anderson, Martin, Vickers, Deobler & Goode, and for Response to the Motion of CHARLES HESS to Dismiss Interpleader proceeding, states:

1. Cargill's Motion for Interpleader filed on July 7, 2005 was authorized and governed by Federal Rule of Civil Procedure 67 which requires only "...notice to every other party, and by leave of Court,..." for the deposit of the sum of money which, in this instance, was sought by the Plaintiff, Deere Credit, Inc.

2. Notice of such request to deposit the fund was served by Cargill upon all parties to the within proceeding as well as Charles Hess on June 20, 2005 as evidenced by the Certificate of Service received by the Clerk on June 21, 2005. Service of Summons upon the non-party, Charles Hess, was not required under Rule 67 and Cargill, as garnishee, was properly terminated and discharged from the proceeding on August 10, 2005 following such deposit. Lutheran Brotherhood v. Comyne, et al. 216 F.Supp. 2d 859.

3. Upon the Petition for Interpleader being filed by Cargill, Incorporated, this Court had

in rem jurisdiction to determine the status of the subject matter being the sum of $42,421.12 thereafter deposited with Cargill, Incorporated with the Clerk of this Court.

    4. An Interpleader action is concluded in two stages, by which the Court first determines whether Interpleader lies based upon whether two or more claims to the stake exist, and, if so, orders the stakeholder to pay or deliver the stake into Court. In the second stage, the Court adjudicates adverse claims and disburses the proceeds. General Accident Group v. Gagliardi, et al., 593 F. Supp. 1080, 1087 (D.Conn.1984).

    5. An Interpleader is analogous to an in rem proceeding in that the stakeholder provides the res on which the dispute among the claimants is focused. In controversy among themselves, the claimant's present adverse claims to the entire or part of the res. The rights to the res, in whole or in part, are thus adjudicated among the claimants, not as against the stakeholder who by that time has deposited the res in Court and has been discharged in the usual course. General Accident Group v. Gagliardi, et al., supra @ 1089.

    6. At the second stage of the Interpleader action, this Court may order Charles Hess to be joined as a party defendant. Federal Rule of Civil Procedure No. 19(a).

    7. Non-joinder of parties is not a ground for dismissal of an action. Parties may be added by Order of the Court on Its own initiative at any stage of the action and on such terms as are just. Federal Rule of Civil Procedure 21.

    WHEREFORE, Cargill, Incorporated moves the Court to deny the Motion of Charles to Dismiss the within Interpleader Proceeding.

                                        CARGILL, INCORPORATED.,

                                        By_____
                                               One of Its Attorneys

Alan B. Marsh
White, Marsh, Anderson, Martin, Vickers, Deobler & Goode
511 E. Etna Road
Ottawa, IL 61350
(815) 434-2000