E-FILED
Thursday, 15 September, 2005  12:49:32 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| DEERE CREDIT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SCOTT C. HESS and ANN WAYMACK HESS, | ) | No. 04-1175 |
| | ) | |
| Defendants. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CARGILL, INCORPORATED., | ) | |
| | ) | |
| Garnishee. | ) | |

FILED
SEP 1 5 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**MEMORANDUM OF LAW OF CARGILL, INCORPORATED
IN REPLY TO MOTION TO DISMISS INTERPLEADER PROCEEDING**

CARGILL, INCOPORATED submits the following in Reply to the Memorandum of Law of CHARLES HESS in support of Motion to Dismiss.

**I.**

**FEDERAL RULE OF CIVIL PROCEDURE 67
DOES NOT REQUIRE SERVICE OF SUMMONS UPON A NON-PARTY
OF A PETITION TO DEPOSIT A FUND WITH THE COURT**

As has been set forth in the Motion of Charles Hess to Dismiss, on April 12, 2005 this Honorable Court issued a Citation to Discover Assets upon the Third Party, Cargill, Incorporated, following Judgment on behalf of the Plaintiff, Deere Credit, Inc., against Defendant, Scott C. Hess and Ann Waymack Hess, on July 30, 2004. On July 7, 2005, Cargill, Incorporated filed Its Motion for Interpleader requesting leave of Court to deposit the sum of $42,421.12 with the Clerk of the Court. Pursuant to Federal Rule of Civil Procedure 67 Cargill served notice upon all parties to the proceeding and, in addition, upon Charles Hess. The Certificate of Service of such notice was filed with the Clerk on June 21, 2005. Rule 67 did not require service of Summons upon Charles Hess who was a non-party to the action. This Court

acted within Its discretion in allowing such deposit and discharging Cargill. Garrick v. Weaver, C.A. 10th, 1989, 888 F.2d 687. Lutheran Brotherhood v. Comyne, 216 F.Sup. 2d 859.

## II.
### LACK OF SERVICE OF SUMMONS UPON CHARLES HESS DID NOT DEPRIVE THIS COURT OF IN REM JURISDICTION OVER THE FUND OR STAKE WHICH WAS THE SUBJECT OF THE INTERPLEADER ACTION

Charles Hess, in his Motion to Dismiss and Memorandum has relied upon the case of General Accident Group v. Gagliardi 593 F. Supp. 1080. Such reliance is misplaced. The Court in Gagliardi specifically held that an Interpleader is analogous to an in rem proceeding in that the stakeholder provides the res on which the dispute among the claimants is focused. In a controversy among themselves, the claimants present adverse claims to the entire or part of the res. The rights to the res, in whole or in part, are thus adjudicated among the claimants, not as against the stakeholder who by that time has deposited the res in Court and been discharged in the usual course. 593 F.Supp. 1080 @ 1089.

In his Motion, Charles Hess admits that he has a claim against the funds deposited by Cargill with the Clerk. As no disposition of the fund has yet been ordered, Charles Hess has not been precluded from proving the precedence of his claim to this Court. Under Federal Rule of Civil Procedure 19, the Court may order Mr. Hess to be made a party to the second stage of the Interpleader proceeding. In any event, his non-joinder is not ground for dismissal of the action. He may be added by Order of this Court of Its own initiative at any stage of the action and on such terms as are just. Federal Rule of Civil Procedure 21.

By his Motion, Charles Hess admits that Cargill has been presented with conflicting claims over the same proceeds. To secure prompt and inclusive determination in a single action of the rights of all parties claiming an interest in a stake, Courts should not hesitate to allow Interpleader when some or all of claims are prospective, though not already asserted. General Accident Group v. Gagliardi, supra, 593 F.Supp. 1080 @ 1087.

So, too, is the case of New York Life Insurance Company v. Dunlevy, 36 S.Ct.613, 241 U.S. 518 60 L.Ed.1140 cited by Charles Hess inapposite to the case at bar. There, the Court of Appeals held that where an Interpleader action evolved to the point where the fund was ordered to be paid over to a certain party, personal jurisdiction was required. The Order of July 27th did not award the proceeds to any particular party and Charles Hess can be afforded ample time in

which to present his claim. As admitted in the Motion to Dismiss, Cargill filed Its Motion for Interpleader with the Clerk of this Honorable Court on July 7, 2005. The Certificate of Service filed by Cargill reflects that a copy of the Motion was served upon Charles Hess by ordinary mail on June 20, 2005. That Certificate was received by the Clerk of June 21, 2005. Not until July 19, 2005 did Charles Hess and his wife, Wilma, file a Complaint in the Circuit Court of McDonough County, Illinois to recover the property. This Court acquired in rem jurisdiction of the Petition for Interpleader on July 7, 2005 and should retain such jurisdiction. Although Charles Hess has urged no objection to the merits of the Interpleader action itself, he asks this Court to engage in the useless act of returning to Cargill the amount held by the Circuit Clerk and requiring Cargill to re-file the Interpleader action. The Motion is a ploy in an effort to gain the jurisdiction of the McDonough County Circuit Court over the same fund.

CARGILL, INCORPORATED.,

By _____
One of Its Attorneys

Alan B. Marsh
White, Marsh, Anderson, Martin, Vickers, Deobler & Goode
511 E. Etna Road
Ottawa, IL 61350
(815) 434-2000