IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DEERE CREDIT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SCOTT C. HESS and ANNE WAYMACK HESS, <br><br> Defendants. | CASE NO.: 04-1175 |

**RESPONSE TO RULE 12(b)(2) MOTION TO DISMISS
CARGILL'S INTERPLEADER PROCEEDING**

NOW COMES DEERE CREDIT, INC., by and through its attorneys, Vonachen, Lawless, Trager & Slevin, and for its Response to Rule 12 (b)(2) Motion to Dismiss Cargill's Interpleader Proceeding filed herein by CHARLES HESS, states as follows:

Introduction

Hess's Motion to Dismiss Cargill's Interpleader should be denied for the following reasons:

1.  It is untimely;

2.  It miscomprehends the nature of Cargill's proceeding;

3.  It is, itself, somewhat misstated; and

4.  It is an inappropriate attempt to avoid federal jurisdiction.

Timeliness

1.  Hess has not moved promptly to raise his objections, but rather has waited until Cargill has been discharged upon its payment of $42,421.12. Cargill was discharged on August 10, 2005.

2.  Charles Hess admits, in paragraph 6 of his motion, that he received notice of the

1

Motion for Interpleader on June 20, 2005.

3.  On August 3, 2005, Cargill filed a Certificate of Service, showing service by mail on August 1, 2005, upon Charles Hess and Charles Hess c/o Dudley Borah, Attorney at Law, of the Order on Motion for Interpleader. Dudley Borah is an attorney representing Charles Hess in a state court action concerning the Cargill funds. (See McDonough County Complaint (incorrectly captioned as a Fulton County Complaint) attached hereto as Exhibit A.

4.  Through bankruptcy proceedings and otherwise, Charles Hess was well aware that Cargill would be proceeding by interpleader in this action. Significantly, Cargill's Motion for Leave to File Interpleader was filed on June 21, 2005, well before Hess initiated a state court action, attempting to subvert federal jurisdiction in this matter.

5.  Not only has Hess failed to seek relief in this Court prior to the discharge of Cargill, he has failed to move within the time required by Rule 12, Federal Rules of Civil Procedure. Hess may well argue that since he was not served in compliance of Rule 4, Federal Rules of Civil Procedure, that he was under no obligation to proceed timely.

6.  This argument fails for two reasons. First, as will be demonstrated herein, service by mail was appropriate and effective. Assuming *arguendo* that service by summons as required by Rule 4 was necessary, Hess would still have an obligation to timely assert any challenges to service of process. To hold otherwise would allow Hess a "blank check" to come in at any stage of the proceedings to challenge the insufficiency of service of a proceeding which he admittedly had knowledge of on June 20.

7.  When a party has received actual notice of the proceeding, he is required to timely object to a claimed defect in service. The defense of improper or ineffective service is one that can be waived. In this instance, Charles Hess should be deemed to have waived the defenses he is

asserting because he has failed to do what the rule says he must do if he is to avoid a waiver. *Corestates Leasing, Inc. v. Wright-Way Exp., Inc.*, 190 F.R.D. 356-358, (E.D. Pa. 2000) See also 5A Charles Allen Wright and Arthur R. Miller, *Federal Practice and Procedure*, Sec. 1391 at 755-56, 1990.

<u>Miscomprehends the Nature of Cargill's Proceeding</u>

8. At the root of Charles Hess's Motion is the contention that Cargill's action should be treated as an independent Complaint for Interpleader and proceed as a Rule 22 interpleader.

9. This is misplaced. The interpleader filed by Cargill herein was part of a supplementary proceeding pursuant to Rule 69. Perhaps the denomination of the motion as an "interpleader" has confused movant.

10. Rule 69 of the Federal Rules of Civil Procedure provides in part: "... the procedure on execution, in proceedings supplementary to and in aid of a judgment. . . shall be in accordance with the practice and procedure of the state in which the District Court is held, existing at the time the remedy is sought. . ." Accordingly, as discussed in the Motion to Determine Interest in Property subject to Citation Proceedings filed herein by Deere on September 1, 2005, Illinois Compiled Statutes, Ch. 735 § 5/12-710 controls the procedure to be followed to determine the competing claims that have been raised to the funds deposited with the Clerk by Cargill, Incorporated.

11. In connection with the Motion for Interpleader, Cargill, Incorporated noted the Citation to Discover Assets filed by Deere and further noted that it was aware that West Central FS, Inc. and Charles Hess claimed an interest in the funds held by Cargill. Cargill recited, virtually verbatim, the provisions of 73 5 ILCS § 5/12-710 and requested that it be allowed to deliver the funds it was holding to the Court and that the various claimants be allowed to present their claims regarding the funds to the Court for determination. While the Motion filed by Cargill was entitled

"Motion for Interpleader", there can be no question that the relief sought is contemplated by the provisions of 735 ILCS § 5/12-710. That Section requires such "notice as the Court shall direct." Here, the Court did not require personal service be effected on any of the claimants.

12. As this Court has jurisdiction over the subject matter of the proceedings and has jurisdiction over the various claimants who claim an interest in the funds deposited by Cargill, Incorporated, this Court should deny the Rule l2(b)(2) Motion to Dismiss Cargill's Interpleader Proceeding.

### Misstated

13. Movant Hess's motion is, in itself, somewhat misstated to the extent that it claims that the Court does not have personal jurisdiction over Charles Hess. Pursuant to 735 ILCS 5/12-710, "Notice as the Court shall direct" is sufficient to obtain personal jurisdiction.

14. Additionally, prior to Movant Hess's filing of his Motion to Dismiss, Deere Credit, Inc. filed a Motion to Determine Interest in Property Subject to Citation Proceeding. This motion, if granted, would provide additional notice to all parties and clearly indicate to them that, if they wish to assert a claim, they should appear in this matter and do so.

15. In the event that this Court finds that service by summons of potential claimants is necessary, then the appropriate action of the Court would not be to dismiss this action but rather to order Cargill, Inc. to serve summons on all potential adverse claimants.

### Inappropriate Attempt to Avoid Federal Jurisdiction

16. In reality, Charles Hess's motion must be read together with the McDonough County (incorrectly captioned as Fulton County) Complaint, attached hereto as Exhibit A.

17. The McDonough County action filed well after Hess was aware of the Cargill

4

Interpleader action, is in and of itself an attempt to assert jurisdiction over the Cargill funds.

18. The McDonough County action is transparently defective and is clearly nothing more than an attempted device to avoid federal jurisdiction.

19. Specifically, the action purports to be one for conversion against Cargill, Inc. Cargill, Inc. has not converted any funds of Hess, but rather has paid them into court to obtain a judicial resolution regarding conflicting claims. As spurious as the allegations against Cargill may be, the allegations against West Central FS, Inc. and Deere Credit, Inc. are even more fanciful. West Central and Deere Credit have been joined as conspirators in a "conversion action" because they "have not objected to the conversion of Plaintiff's funds by Cargill and are a willing participant in Cargill's diversion of property to West Central FS, Inc. and Deere Credit, Inc."

20. It is clear that the McDonough County action is an attempt to avoid the supplemental jurisdiction of this Court. It is offensive to principles of comity. Significantly, the McDonough County action was filed by Dudley Borah who was served with Notice of Cargill's Interpleader. Hess has chosen not to have Borah, the attorney who has already been served with notice in this proceeding appear here, but rather has retained alternative counsel, perhaps an attempt to avoid or obscure the fact that Dudley Borah had knowledge of the federal proceeding at the time he filed the invalid state court proceeding.

WHEREFORE, DEERE CREDIT, INC., prays that Hess's Motion to Dismiss Pursuant to Rule 12 (b)(2) be denied and that the Court grant Deere Credit, Inc.'s Motion to Determine Interest in property Subject to Citation Proceeding. In the alternative, in the event that the Court finds that service of process by summons is required in this matter, as to the funds deposited by Cargill, Inc., Deere Credit, Inc. respectfully suggests that Charles Hess's Motion still be denied and that Cargill, Inc. be ordered to serve Summons on Charles Hess and any other potential claimants to the funds

5

subject to the supplementary proceeding brought by Deere Credit Inc.

                                  DEERE CREDIT, INC., Plaintiff,
                                  Judgment Creditor,

                                By:  /s/ M. Michael Waters
                                      One of its Attorneys

MARY A. CORRIGAN (ARDC # 6197770)
M. MICHAEL WATERS (ARDC # 3123709)
S. LINN PERKINS (ARDC # 6203700)
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton Street, Suite 425
Peoria, IL  61602
Telephone:  (309)676-8986
Facsimile:   (309)676-4130

**PROOF OF SERVICE**

STATE OF ILLINOIS )
 )
COUNTY OF PEORIA )

The undersigned attorney hereby certifies that a copy of the foregoing **Response to Rule 12(b)(2) Motion to Dismiss Cargill's Interpleader Proceeding** was served upon the interested parties by enclosing a copy of same in envelope(s) addressed as follows:

| | |
|---|---|
| Robert Lindstrom, Esq.<br>Mustain, Lindstrom & Henson<br>1865 North Henderson Street, Suite 11B<br>Galesburg, IL  61401 | Dudley Borah, Esq.<br>Attorney at Law<br>P.O. Box 265<br>Bushnell, IL  61422 |
| Douglas J. March, Esq.<br>March, McMillan & DeJoode, P.C.<br>402 E. Jackson St.<br>P.O. Box 443<br>Macomb, IL  61455 | Barry Barash, Esq.<br>Barash & Everett, LLC<br>256 South Soangetaha Road<br>P.O. Box 1408<br>Galesburg, IL  61402-1408 |
| Alan B. Marsh, Esq.<br>White, Marsh, Anderson, Martin,<br>  Vickers, Deobler & Goode<br>511 E. Etna Road<br>Ottawa, IL 61350 | Scott Hess<br>23180 N. 1700 Road<br>Bushnell, IL  61422<br><br>Anne Waymack Hess<br>23360 N. 1700th Road<br>Bushnell, IL  61422 |
| Peter R. Jennetten, Esq.<br>Quinn, Johnston, Henderson & Pretorius, Chtd.<br>227 N.E. Jefferson<br>Peoria, IL  61602 | Charles Hess and Wilma Hess<br>c/o Dudley Borah, Esq.<br>Attorney at Law<br>P.O. Box 265<br>Bushnell, IL  61422 |
| Fred Kenney, Esq.<br>Archer Daniels Midland<br>Law Department<br>4666 Faries Parkway<br>Decatur, IL  62526 | Charles Hess and Wilma Hess<br>24147 N. Seven Hills Road<br>Marietta, IL  61459 |

and by depositing said envelope(s) with first-class postage fully prepaid in the U.S. Mail at Peoria, Illinois, or by hand delivering to the same address, on the 15th day of September, 2005.

By: /s/ M. Michael Waters

MARY A. CORRIGAN (ARDC # 6197770)

7

M. MICHAEL WATERS (ARDC # 3123709)
S. LINN PERKINS (ARDC # 6203700)
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton Street, Suite 425
Peoria, IL  61602
Telephone:  (309)676-8986
Facsimile:   (309)676-4130

O:\MAC\Files\Deere\Hess\Response to Rule 12(b)(2) Motion Dismiss.doc