JUL-27-2005 15:00   WHITE MARSH AND ANDERSON   815 434 0564   P.02
1:04-cv-01175-MMM-JAG   # 69-2   Page 1 of 6
Jul 19 05 04:33p

E-FILED
Thursday, 15 September, 2005 04:55:56 PM
Clerk, U.S. District Court, ILCD

COPY

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
FULTON COUNTY, ILLINOIS

CHARLES HESS, WILMA HESS, )
    Plaintiffs )
)
vs. ) No. 05-LM-93
)
CARGILL, INC., WEST CENTRAL FS, INC., )
DEERE CREDIT, INC., and SCOTT HESS, )
    Defendants )

FILED
JUL 19 2005
KIM D. WILSON
CIRCUIT CLERK

## COMPLAINT AT LAW

NOW COME Plaintiffs, CHARLES HESS and WILMA HESS, by their attorney, Dudley Borah, and for their complaint against Defendants to enforce their landlord lien for unpaid rent pursuant to 735 ILCS 5/9-316, state as follows:

### COUNT I – BREACH OF CONTRACT

1. Plaintiffs are owners of farm land leased to tenants for growing crops in McDonough and Fulton Counties, Illinois.

2. At least one of the Defendants herein at all times relevant to this complaint and at the time of accrual of this cause of action was a resident of and doing business within McDonough County, Illinois.

3. By the terms of a land lease executed and entered into between Plaintiffs and Scott Hess for a term from March 1, 2004 to March 1, 2005, Scott Hess agreed to pay rent for 1,011 acres of land of Plaintiffs for growing agricultural crops and storage buildings thereon in the amount of $126,000.00, in cash or in kind, none of which has been paid.

4. Beginning February 23, 2005 and continuing to February 25, 2005, Plaintiffs delivered 22,185 bushels of corn from the crop grown and stored by Scott Hess on Plaintiffs' land to Defendant Cargill at its Havana, Illinois elevator for rent as owners of a

landlord's lien on crops.

5. Plaintiffs informed Bob Hale, Cargill's agent at Havana, on February 23, 2005, that the corn delivered by Plaintiffs was being sold for unpaid rent pursuant to their landlord's lien on crops under 735 ILCS 5/9-316 and that no other party has an interest in Plaintiffs' sale of corn for rent.

6. Plaintiffs' attorney informed Bob Hale, Cargill's agent, by letter on February 23, 2005, that the corn being delivered by Plaintiffs was being sold pursuant to a landlord's lien for rent not paid.

7. Bob Hale acknowledged notice of Plaintiffs' landlord's lien on the corn for rent not paid and Bob Hale, agent of Cargill, Inc., and Plaintiffs made and entered into an oral agreement that Plaintiffs would deliver corn pursuant to authority provided by a landlord's lien and that Cargill, Inc. would pay Plaintiffs the full value of the corn delivered and not pay another lien holder.

8. Because the elevator scale tickets of the first four (4) loads of Plaintiffs' corn credited the accounts of Scott Hess (d/b/a Hess Farms) and of Plaintiffs, Plaintiffs informed Bob Hale that no more corn would be delivered unless the corn was purchased on the account of and payable only to the landlord according to the terms of their oral agreement.

9. Bob Hale agreed that the scale tickets should not show Scott Hess or any interest other than the landlords and Bob Hale caused all subsequent scale tickets to name only Plaintiffs.

10. In reliance on the statement of and agreement with Bob Hale, Plaintiffs delivered twenty (20) more loads to Cargill with each scale ticket crediting only Plaintiffs.

11. On March 10, 2005, Cargill presented Plaintiffs with bank draft No. 802972431, payable to the order of Charles Hess, Scott Hess, West Central FS, Inc. and Deere Credit, Inc. as payment to Plaintiffs for the twenty-four (24) loads of corn delivered by Plaintiffs pursuant to a landlord's lien owned by Plaintiffs and sold to Cargill in reliance on the oral agreement with Cargill's agent, Bob Hale, and in reliance on the statute.

12. Said bank draft payable to multiple parties was rejected by Plaintiffs and demand made by them for a replacement bank draft payable to Plaintiffs exclusively for their landlord's lien, but Cargill has refused.

13. Refusal by Cargill to pay Plaintiffs for the full value of corn delivered under their landlord's lien is a breach of the oral agreement entered into between Plaintiffs and Cargill, Inc. by its agent, Bob Hale.

14. Plaintiffs have been damaged by the breach of their oral agreement with the agent of Cargill, Inc. in the amount of $42,421.12, the value of the corn delivered pursuant to their landlord's lien under the statute.

15. Defendants Scott Hess, West Central FS, Inc., and Deere Credit, Inc., have no interest in or lien on any property owned by Plaintiffs or on corn sold for rent.

16. Plaintiffs are owners of the land on which the corn delivered was grown and Plaintiffs have a lien on the corn superior to any other lien because rent has not been paid.

17. Plaintiffs' landlord's lien will not expire until six months after the term of the lease to the 2004-2005 crop year tenant, a date after the filing of this complaint.

WHEREFORE, Plaintiffs pray for the following relief as to Count I:

A. For a finding that Cargill, Inc. and its agent, Bob Hale, and Plaintiffs entered into an enforceable oral agreement and that Cargill is in breach of said agreement;

B. For a finding that Scott Hess, West Central FS, Inc., and Deere Credit, Inc. have no interest in the corn sold to Cargill, Inc. by Plaintiffs.

C. For a finding that Plaintiffs have an enforceable landlord's lien for rent on corn delivered by Plaintiffs to Cargill, Inc.;

D. For a finding that Cargill, Inc. has wrongfully withheld payment from Plaintiffs;

E. For an order that Cargill, Inc. pay to Plaintiffs the amount of $42,421.12 plus interest from the time of accrual of this cause of action, plus court costs; and

F. For such other relief as this court may order.

## COUNT II - CONVERSION

1. For paragraph 1 of Count II of their complaint, Plaintiffs repeat and re-allege paragraphs 1 to 17 of Count I.

16. Defendant Cargill, Inc. is holding funds in the amount of $42,421.12, said amount being the market value of corn purchased by and delivered to Cargill when Plaintiffs sold crops grown on their land for rent not paid.

17. Defendant Cargill has diverted said funds to inferior lien holders and the former tenant, to wit: Scott Hess (former tenant), West Central FS, Inc., and Deere Credit, Inc.

18. Scott Hess has not paid the rent he agreed to pay and has no claim to the corn sold by right of a landlord's lien for rent not paid.

19. West Central FS, Inc., and Deere Credit, Inc., are inferior lien holders and have no interest or legal claim to corn sold under the superior landlord's lien.

20. Section 9-316 provides that a landlord's lien shall have priority over any agricultural lien or security interest arising under Article 9 of the Uniform Commercial

Code.

21. Plaintiffs have demanded Cargill, Inc. pay Plaintiffs the full value of the corn sold for rent but Cargill, Inc. has refused.

22. Cargill, Inc. has wrongfully and without authority assumed control over funds due Plaintiffs and refuses to pay Plaintiffs the full value of the corn sold to Cargill;

23. Plaintiffs have an unconditional right to immediate possession of the funds held by Cargill in this matter and diverted by Cargill, Inc. to other payees with no lawful or superior claim thereon.

24. By its act of diverting funds rightfully payable to Plaintiffs and paying those funds to co-defendants, Cargill has committed the tort of conversion and damaged Plaintiffs.

25. The act of conversion by Cargill is willful, and with wanton disregard for the rights of Plaintiffs.

26. Defendants West Central FS, Inc. and Deere Credit, Inc. have not objected to the conversion of Plaintiffs' funds by Cargill and are willing participants in Cargill's diversion of Plaintiffs' property to West Central FS, Inc. and Deere Credit, Inc.

WHEREFORE, Plaintiffs pray for the following relief as to their Count II:

A. For a finding that Plaintiffs' lawfully exercised their right to enforce a landlord's lien pursuant to statute for rent on crop land not paid.

B. For a finding that Cargill, Inc. has unlawfully diverted Plaintiffs' rightful funds to co-defendants and that defendants West Central FS, Inc. and Deere Credit, Inc. seek to benefit from this unlawful conversion of Plaintiffs' funds.

C. For a finding that the actions of defendants, Cargill, Inc., West Central FS, Inc.

and Deere Credit, Inc. are unlawful and willful and undertaken with wanton disregard for the rights of Plaintiffs resulting in damages to Plaintiffs.

D.  For an order that Cargill, Inc. pay to Plaintiffs exclusively the amount of $42,421.12 plus interest from the time of accrual of this cause of action;

E.  That Defendants pay to Plaintiffs such punitive damages as the court may find fair and just compensation for Defendants' willful and wanton act of conversion; and

F.  For such further and adequate relief as the court may deem proper.

DATE: July 19, 2005

*Charles Hess*
CHARLES HESS

*Wilma Hess*
WILMA HESS

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certify that the statements set forth in this instrument are true and correct, except as the matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that the undersigned verily believes the same to be true.

*Charles Hess*
CHARLES HESS

*Wilma Hess*
WILMA HESS

State of Illinois      )
                       ) ss:
County of McDonough    )

Signed and sworn to before me this 19th day of July, 2005.   (SEAL)

*Rebecca A Taylor*
Notary Public

OFFICIAL SEAL
REBECCA A. TAYLOR
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 04-21-2009

*Dudley Borah*
Dudley Borah
Attorney for Plaintiffs