UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEERE CREDIT, INC., <br><br> Plaintiff, <br><br> v. <br><br> SCOTT C. HESS, et al., <br><br> Defendant. | Case No. 04-1175 |

## CHARLES HESS' REPLY IN SUPPORT OF RULE 12(b)(2) MOTION TO DISMISS CARGILL'S INTERPLEADER PROCEEDING

Movant, Charles Hess, by Quinn, Johnston, Henderson & Pretorius, his attorneys, hereby replies to the Responses filed by Deere Credit, Inc. ("Deere") and Cargill, Incorporated ("Cargill") to his Rule 12(b)(2) Motion to Dismiss Cargill's Interpleader Proceeding ("Motion to Dismiss").

### I. INTRODUCTION

Charles Hess has moved to dismiss Cargill's interpleader proceeding on the ground that he was not named as a defendant or served with process for the proceeding, as is required for a federal interpleader proceeding. Therefore, Charles Hess submits, the court lacks personal jurisdiction over him, and the proceeding should be dismissed.

Deere's Response suggests, among other things, that Charles Hess is confused, and that there actually is no federal interpleader proceeding. Deere claims instead that Cargill was following a state garnishment procedure pursuant to Rule 69 of the Federal Rules of Civil Procedure.

By contrast, Cargill, the party who filed the Motion for Interpleader, does not dispute that it instituted a federal interpleader. Rather, Cargill argues that it complied with the relevant federal procedural requirements.

In the discussion below, Charles Hess will first reply to Cargill, and will then reply to Deere.

## II.   DISCUSSION

A.   **Cargill's Response**

1)   **Cargill's Rule 67 Argument**

Cargill's Motion for Interpleader itself cites no rule of federal or state procedure as the basis for the interpleader. In its Response, however, Cargill initially takes the position that its interpleader is proper because it notified parties as required by Rule 67 of the Federal Rules of Civil Procedure.[1]

Cargill's reliance on Rule 67 is misplaced. In pertinent part, the Rule provides:

> In *an action* in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, *a party, upon notice to every other party*, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims or any part of the sum or thing. (Emphasis added.)

As can be seen, Rule 67 simply provides a procedural device for deposits into court in actions where the deposit is appropriate. It does not itself create a right of action for interpleader or for any other proceeding.

The inapplicability of Rule 67 to this dispute is demonstrated by the provision quoted above. That is, the language of the Rule assumes the existence of *an action*, and requires notice to the *parties* to that action. A garnishment proceeding subsequent to a judgment is not an action. Rule 3 specifies that an action is commenced by the filing of a complaint.

A case cited by Cargill, ***Lutheran Brotherhood v. Comyne***, 216 F.2d 859 (E.D. Wis. 2002), illustrates this point. There, the plaintiff seeking interpleader filed both an interpleader complaint, and a motion seeking leave to deposit funds under Rule 67. *Id*. at 861. Here, however, the gist of Charles Hess' Motion to Dismiss is that Cargill seeks adjudication of his property rights in a purported interpleader to which he has not been named a party defendant or served with process.

---

[1] Hereafter, a Federal Rule of Civil Procedure will be referenced simply as "Rule 67," "Rule 22," etc.

Rule 67 certainly provides a structure for deposit into court where an interpleader has been properly initiated, and the court has determined that interpleader lies. The Rule does nothing more. As such, Rule 67 cannot serve as the basis for proper service in Cargill's interpleader proceeding.

### 2) Cargill's Assertion of a Bifurcated Service Requirement

Cargill's next argument is based on the nature of an interpleader, which includes two stages-- the court's determination whether interpleader lies, and then the court's resolution of the adverse claims to the fund or property. Cargill argues that *in personam* jurisdiction over the adverse claimants is only needed at the second stage, and that such jurisdiction may be accomplished by the Court's ordering joinder of the adverse claimants as parties under Rules 19 and 21.

Yet, the authorities cited by Cargill do not mention such a bifurcated approach to joining parties or to service of process. Moreover, the instant case demonstrates why that approach is insufficient. Here, had he been a part defendant, Charles Hess would have disputed in the interpleader's first stage that Cargill is a mere "stakeholder" for whom interpleader is appropriate. The reason that Charles Hess would have disputed this point is evident from the complaint he and Wilma Hess filed in state court on July 19, 2005 (a copy of which is attached as Exhibit A to Deere's Response). In that complaint, Charles and Wilma Hess allege not just a right to the funds that were held by Cargill, but also that Cargill is liable for damages for a wilful and wanton act of conversion. Under these circumstances, it is inappropriate for Cargill to be permitted to simply deposit certain funds and then be released from further liability.

## B. Deere's Response

### 1) Deere's Contention That the Motion to Dismiss is Untimely

Deere's initial claim is that the Motion to Dismiss is untimely under Rule 12. However, as Deere itself recognized, the 20-day response period of Rule 12(a)(1)(A) is inapplicable here. The

reason is that the 20-day response period is measured from the date a defendant was served with summons. Charles Hess was never served with summons.

Deere then argues that Charles Hess has waived the arguments raised in the Motion to Dismiss. Deere claims that Charles Hess had "actual notice" of the interpleader proceeding, and thus was required to file a timely response.

Before addressing the merits of Deere's waiver claim, Charles Hess first would point out that Deere makes statements in this context which are unsupported by the record. An example appears in paragraph 4 of Deere's Response, where Deere asserts without basis that "through bankruptcy proceedings and otherwise, Charles Hess was well aware that Cargill would be proceeding by interpleader in this action."

As another example, Deere claims in paragraph 6 of its Response that Charles Hess "admittedly had knowledge [of the interpleader proceeding] on June 20." Deere's assertion here may be based on the statement in paragraph 6 of the Motion to Dismiss, that "Cargill filed a Certificate of Service stating that on June 20, 2005, Cargill had served various parties, including Movant Charles Hess, with copies of several documents, including Cargill's Motion for Interpleader and a proposed Order." However, if this quoted language is the basis for Deere's repeated references to Charles Hess' admitted actual notice, Deere has mischaracterized the record. Further, even if Deere's statements were soundly based, they still establish no notice on the part of Wilma Hess, who also is a claimant with regard to the funds in question. (*See* Complaint at Law, attached as Exhibit A to Deere's Response.)

These problems aside, Deere has provided no authority for its position that Charles Hess has waived his Motion to Dismiss. The one case which Deere cites, ***Corestates Leasing, Inc. v. Wright-Way Express, Inc.***, 190 F.R.D. 356 (E.D. Pa. 2000), involved a defendant who was served personally

with a summons and complaint more than 120 days after the complaint was filed, in violation of Rule 4(m). Prior to service, there were several failed attempts to serve the defendant and his attorney. Three and one-half months after service, and two and one-half months after entry of a default judgment, the defendant moved to set aside the default judgment. Addressing this motion, the court explained that untimely service under Rule 4(m) is subject to waiver. The court held that, in the case before it, the defendant had waived the defect in service. 190 F.R.D. at 357.

The instant case, by contrast, does not involve personal service of a summons and complaint. Rather, it involves a motion which was mailed to Charles Hess, a non-party. It further involves the motion being granted at a hearing for which Charles Hess was provided no notice. Neither Cargill nor Deere claimed that Hess was given notice of the hearing.

Mr. Hess filed his Motion to Dismiss the Interpleader Proceeding on September 2, 2005, less than 30 days after Cargill mailed him a copy of the Order granting its Motion for Interpleader. In this situation, Deere's claim of waiver is without merit.

**3)   Deere's Claim That Charles Hess Misconstrued the Motion for Interpleader**

Next, Deere asserts that Charles Hess misunderstood Cargill's Motion for Interpleader. Deere argues that the proceeding which Cargill initiated is not a federal interpleader proceeding, but rather is a proceeding under Rule 69, and under Section 12-710 of the Illinois Code of Civil Procedure. 735 ILCS 5/12-710.

Section 12-710, found in Part 7 of the Illinois Code of Civil Procedure on "Garnishment," provides in pertinent part:

> In the event any indebtedness or other property due from or in the possession of a garnishee is claimed by any other person, the court shall permit the claimant to appear and maintain his or her claim. A claimant not voluntarily appearing shall be served with notice as the court shall direct. If a claimant fails to appear after having been served with notice in the manner directed, he or she shall be concluded by the judgment entered in the garnishment proceeding. 735 ILCS 5/12-709.

-5-

Deere's position, that this proceeding is pursuant to Section 12-710, is inconsistent with what has occurred here, and also is inconsistent with Cargill's own discussion of its Motion for Interpleader.

Section 12-710 requires no motion on the part of the garnishee holding the property, such as the motion that Cargill filed here. Section 12-710 does, however, require that claimants who do not appear voluntarily be served with notice as the court shall direct. Deere has neither established that the Court here directed that notice be provided to Mr. Hess in any particular manner, nor that service was provided in the manner directed.

Further, Section 12-710 establishes no procedure for the garnishee's deposit of funds with the court. Nor does Section 12-710 authorize the discharge of the garnishee from the proceeding.

On the other hand, Cargill, who instituted the interpleader, defends its proceeding by citing Rule 67 as the basis for the proceeding. Cargill also cites caselaw concerning federal interpleader procedures in support of its theories concerning bifurcated service requirements and joinder under Rules 19 and 21.

Where Cargill's Motion for Interpleader contained no reference to Section 12-710, and where Cargill itself does not consider its Motion to be a Section 12-710 proceeding, the Court should not permit Deere to recharacterize this proceeding as one it was not intended to be.

**4)    Deere's Contention That the Motion to Dismiss is Misstated**

Deere's next contention is that the Motion to Dismiss is misstated to the extent it is based on the court not having personal jurisdiction. Here, Deere appears to suggest that personal jurisdiction will be obtained later, under Section 12-710, through "notice as the court shall direct." (Deere's Response at ¶13.)

Charles Hess respectfully submits that Deere's claim to this effect is disingenuous. The reason is that Deere already has moved for an immediate judgment in its favor as to the funds deposited by Cargill. Deere's motion is not based on any further service on claimants, but rather relies on Cargill's

-7-

service of claimants by mail with its Motion for Interpleader, and on the claimants' failure to appear and assert their claims. Granted, Deere also requested relief alternative to the judgment in its favor. However, Deere's motion demonstrates that, until now, Deere did not regard further service as a necessity. (*See* Deere's Motion to Determine Interest in Property Subject to Citation Proceeding at §§7-14, as filed herein on September 1, 2005.)

### III. THE MOTION TO DISMISS IS NOT AN INAPPROPRIATE ATTEMPT TO AVOID FEDERAL JURISDICTION

Deere and Cargill both claim that Charles Hess, with his Motion to Dismiss, is inappropriately attempting to avoid this Court's jurisdiction. These claims are unjustified. Otherwise, the same could be said of any defense raised under Rule 12(b)(1), 12(b)(2), 12(b)(4), or 12(b)5.

Here, the Responses to the Motion to Dismiss, along with Deere's Motion to Determine Interest in Property Subject to Citation Proceeding, display both conflict and confusion. This is so regarding the statute or rule under which the interpleader proceeding was brought; regarding when and how Charles Hess should be served; and even as to whether Charles Hess already has been served and has defaulted, so that Deere is now entitled to judgment. The Motion to Dismiss--filed on the grounds that Charles Hess was not joined as a defendant as required by Rule 22, or served with process as required by Rule 4--is entirely appropriate.

Cargill and Deere suggest that the July 19, 2005 filing of the state court lawsuit shows that the Motion to Dismiss is an attempt to avoid federal jurisdiction. In this regard, Cargill and Deere fail to consider the possibility that the timing of the state court suit, and the recent re-filing of that suit, was based on the Illinois statute of limitations for enforcement of a farm landlord's lien on crops under Section 9-316 of the Illinois Code of Civil Procedure, 735 ILCS 5/9-316, and was unrelated to the status of this federal interpleader proceeding.

### IV. CONCLUSION

-9-

For all of the foregoing reasons, Charles Hess respectfully requests entry of an order:

1) Dismissing Cargill's interpleader proceeding with prejudice;

2) Requiring the Clerk of this Court to return to Cargill the $42,421.12 which Cargill deposited with the Clerk on August 10, 2005;

3) Awarding Charles Hess his costs; and

4) Affording Charles Hess such other and further relief as the Court deems just and appropriate.

CHARLES HESS

By:     s/ Peter R. Jennetten
       Peter R. Jennetten

Laurie M. Judd
Peter R. Jennetten
QUINN, JOHNSTON, HENDERSON & PRETORIUS
227 NE Jefferson
Peoria, IL 61602
Ph: (309) 674-1133

## PROOF OF SERVICE

       I hereby certify that on September 23, 2005, I electronically filed this Response to Motion to Determine Interest in Property Subject to Citation Proceeding with the Clerk of Court using the CM/ECF system, with notice to participating parties being provided electronically. I further certify that on September 15, 2005, I mailed a copy of this document by United States Postal Service to all of the following:

Robert Lindstrom  
Mustain, Lindstrom & Henson  
1865 North Henderson Street, Suite 11B  
Galesburg, IL 61401  

Fred Kenney  
Archer Daniels Midland Law Dept.  
4666 Faries Parkway  
Decatur, IL 62526  

Douglas J. March  
Matthes S. McLaughlin  
March, McMillan & DeJoode, P.C.  
402 E. Jackson Street  
Macomb, IL 61455  

Dudley Borah  
Attorney at Law  
P.O. Box 265  
Bushnell, IL 61422  

Barry Barash  
Barash & Everett, LLC  
256 S. Soangetaha Rd.  
Galesburg, IL 61402-1408  

Alan B. Marsh  
White, Marsh, Anderson, Martin,  
  Vickers, Deobler & Goode  
511 E. Etna Road  
Ottawa, IL 61350  

Scott Hess  
23180 N. 1700 Road  
Bushnell, IL 61422  

Anne Waymack Hess  
23360 N. 1700 Road  
Bushnell, IL 61422  

Mary A. Corrigan  
Vonachen Lawless Trager & Slevin  
456 Fulton Street, Suite 425  
Peoria, IL 61602  

                              s/ Peter R. Jennetten

LMJ/kjc  
I:\1\Civil\Hess, Charles & Wilma - Deere CU 101 949 816\hess reply.wpd