IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DEERE CREDIT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SCOTT C. HESS and ANNE WAYMACK HESS, <br><br> Defendants. <br><br> vs. <br><br> CARGILL, INCORPORATED, <br><br> Citation Respondent/Garnishee, <br><br> and <br><br> ARCHER DANIELS MIDLAND COMPANY, a/k/a ADM GROWMARK, <br><br> Citation Respondent/Garnishee. | No.  04 - 1175 |

**DEERE CREDIT, INC.'S SURREPLY TO HESS'S REPLY
IN SUPPORT OF RULE 12(b)(2) PROCEEDING**

NOW COMES DEERE CREDIT, INC., (hereinafter "Deere") by and through its attorneys, Vonachen, Lawless, Trager & Slevin, and for its Surreply to CHARLES HESS'S Reply in Support of Rule 12 (b)(2) Proceeding, states as follows:

# EXHIBIT A

VONACHEN,
LAWLESS, TRAGER
& SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

**Hess's Motion is Misstated**

1. Hess continues to assert that his motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(2). In reality, Hess is complaining that the notice that he received was inadequate. A motion based on inadequate or insufficient process should more properly considered to be a motion under Rule 12(b)(4) or Rule 12(b)(5).

2. Hess has not supplied affidavits or other factual materials to support his claims. However, he does not appear to dispute the fact that he was served with Cargill's Motion for Interpleader and a proposed Order.

3. Hess does not seem to dispute the fact that he is subject to the personal jurisdiction of the Court. (The *res* clearly lies within the Central District and the pleadings, which have been filed to date seem to suggest that Hess either is a resident of Illinois or has more than minimum contacts with this state. The farmland from which his purported claim springs appears to be in Illinois. See McDonough County Complaint attached as Exhibit A to Deere's Response to the original Motion to Dismiss.) In reality, Hess seems to complain that appropriate steps were not taken to acquire jurisdiction over him in this case.

4. There is a significant difference between an argument that the Court lacks jurisdiction over a person and an argument that improper process was utilized to acquire jurisdiction. The former cannot be cured while the later can.

5. Courts generally prefer to quash insufficient service rather than to dismiss when there is a reasonable prospect that the Defendant can properly be served with sufficient process. *Umbenhauer v. Woog*, 969 F.2d 25, 30-31 (3rd Cir. 1992); *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n. 2 (10th Cir. 1983); *Gartin v. Spyderco., Inc.*, No. Civ. 95-B-1747, 1997 WL

VONACHEN,
LAWLESS, TRAGER
& SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

1037883, at *15 (D.Colo. Aug.13, 1997); *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 681 (N.D. Iowa 1995); *Henkel Corp. v. Degremont, S.A.*, 136 F.R.D. 88 (E.D. Pa. 1991).

6. Dismissal is not appropriate absent serious prejudice to opponent or lack of reasonably conceivable means of acquiring jurisdiction over Defendant. *Oltremari v. Kansas Social & Rehabilitative Serv.*, 871 F.Supp. 1331, 1349 (D.Kan. 1994); *FDIC v. Swager*, 773 F.Supp. 1244 (D.Minn. 1991).

### The Circuity of Actions Which Hess Advocates is Undesirable

7. Deere has previously pointed to the dubious nature of the McDonough County pleading as evidence of an inappropriate attempt to avoid federal jurisdiction and will not burden the Court with a re-statement of that position. However, it is appropriate to note that Hess essentially argues that funds paid into this Court to satisfy a Judgment obtained in this Court should be disgorged and paid into the McDonough County Court to be subject to Hess's attenuated conversion claim. In reality, Hess appears to be proposing an interpleader in McDonough County to replace and supplant the interpleader in Federal Court. Nothing is gained by this circuity of action. Additional layers of expense and delay are created. Any semblance of comity is shattered.

### Deere's Motion to Determine Interest in Property Subject to Citation Proceeding Should be Granted

8. Currently before this Court is Deere's Motion to Determine Interest in Property Subject to Citation Proceeding. This Motion provides a mechanism for this Court to determine and order the Notice necessary to be given to all claimants who have an interest in the interplead funds. While Deere does not believe that personal service is necessary to resolve claims to property obtained through a citation proceeding, it is clearly within the

VONACHEN, LAWLESS, TRAGER & SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

Court's discretion to order personal service on Hess and others in the event that the Court finds that such service is either required or desirable. Granting Deere's Motion and imposing whatever notice/service requirements the Court deems appropriate is the most appropriate and efficient way to resolve the contest over the interplead funds.

WHEREFORE, DEERE CREDIT, INC. prays:

1. That Charles Hess's Motions be denied;

2. That its Motion to Determine Interest in Property Subject to Citation Proceeding be allowed.

In the alternative, that this Court finds merit in Charles Hess's Motions, Deere Credit, Inc. prays that this Court not dismiss the action, but rather order proper service of process.

> DEERE CREDIT, INC., Plaintiff,
> Judgment Creditor,
>
> By: ___/s/ M. Michael Waters_____
> One of its Attorneys

MARY A. CORRIGAN (ARDC # 6197770)
M. MICHAEL WATERS (ARDC # 3123709)
S. LINN PERKINS (ARDC # 6203700)
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton Street, Suite 425
Peoria, IL  61602
Telephone:  (309)676-8986
Facsimile:   (309)676-4130

o:\mmw\deere\pleadings\surreplytohessreply

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

4